<div style="margin-left:2em">FRANKLIN,<br>January,<br>1840.<br><br>Davis<br>v.<br>Fullers.</div>

amount, an action accrues, however valuable or convenient the use of such obstructions may be to him who erected them. Judge Story says, in the case *Tyler* v. *Wilkinson*, "mere priority of appropriation of running water, confers no exclusive use." And again, "the true test of the principle and extent of the use, is, whether it is to the injury of the other proprietors or not." The notion now insisted on for the defendants, that a man who has *a mill privilege* may use it, if he does no wanton or unnecessary injury to another, is entirely without foundation. No man can be said to have a *mill privilege* which cannot be used without injury to others. The plaintiff acquired no right by the first erection of his mill, but he had a right to the natural flow of the stream. The defendants, by their dam, interrupted that right. The plaintiff was thereby injured, and for this could sustain his action.

<div style="text-align:right">Judgment affirmed.</div>

ALVIN H. BAKER v. SCHOOL DISTRICT No. 1, IN BAKERSFIELD.

The statute of 1827, requiring school teachers in the several towns to obtain certificates of their qualification, was intended *to* make such certificates a prerequisite to the performance of any legally meritorious service in that capacity.

THIS was an action of book account, commenced before a justice of the peace, from whose decision an appeal was taken to the county court. Judgment to account was rendered by the county court and an auditor appointed, who reported that the plaintiff, in the fall of 1832, contracted with the defendants to keep their school in the winter following, to commence in December and continue three months, at fourteen dollars per month and his board; that he commenced keeping said school according to said contract and continued to keep it forty-seven days, when the school house took fire and was consumed and the school thereby ended.

The auditor further reported, that the plaintiff, in August, 1833, procured a certificate of his qualifications, as a teacher, from one of the superintending committee of schools, in the town of Bakersfield, which, at that time, consisted of three persons, and applied to another of said committee to examine him and sign said certificate, and that the person to whom the plaintiff last applied declined examining him as requested.

FRANKLIN, *January*, 1840.

Baker *v.* School Dis't No 1 in Bakersfield.

The defendants resisted the plaintiffs right to recover, upon the ground that he had not obtained a certificate of his qualifications, as a school teacher, from the superintending committee of said Bakersfield, agreeably to the act of Nov. 9, 1827. That part of the act of Nov. 9, 1827, which makes it the duty of the several towns in this State to appoint a superintending committee of schools, was repealed by an act of the legislature, passed Nov. 6, 1833. The county court rendered a judgment for the defendant, and the plaintiff excepted to the decision.

After argument by *Smalley & Adams* for plaintiff, and —————————————— for defendants,

The opinion of the court was delivered by

REDFIELD, J.—In this case the plaintiff seeks to recover for services rendered, as a school teacher, while the statute of 1827 was in force, without obtaining from the superintending committee of the town, a certificate of his qualifications. That statute is in the following terms: " And no instructor shall be entitled to receive any compensation for his or her services, in the instruction of any of the schools aforesaid, without first obtaining from said committee, or a majority of them, a certificate of his or her qualifications as aforesaid." This latter clause refers to a former one, which is in these words: " And it shall be the duty of said committee to require full and satisfactory evidence of the good moral character of all instructors, who may be employed in the several schools in said town, and to satisfy themselves, by personal examination, of their literary qualifications for teaching, and capacity for government of schools."

It is now argued, that, after the repeal of that section of the statute, in regard to the office and duty of superintending committee, the plaintiff may recover for services rendered while that portion of the statute was in force, without having,

FRANKLIN.
January,
1840.

Baker
v.
School Dis't
No. 1 in
Bakersfield.
at any time, obtained a certificate of his qualifications. This argument rests mainly upon the assumption, that the certificate was necessary to entitle the party to receive pay for his services, and not such a prerequisite to performance of services, in that capacity, as was indispensable to the creating of any legal obligation therefor. This would be making the superintending committee rather a board for the allowance of the claims of teachers, than a committe of supervision of schools, to determine the fitness of teachers, before entering upon their duties. Such, it is obvious, could not have been the intention of the legislature. It was undoubtedly intended to deprive unqualified teachers of all compensation. And as there must be some practicable mode of determining the qualification of teachers, it was made to depend upon their obtaining a certificate to that effect, from the committee of the several towns where they proposed to teach. Those who entered upon their service without first obtaining this certificate, were bound to know that their services would be, in contemplation of law, gratuitous. And the repealing of the statute, requiring teachers to obtain a certificate of qualifications, before entering upon their duties, could have no retroactive operation. It could not make those services, which, at the time of being rendered, were purely gratuitous, a ground of legal obligation and right of recovery. We are the more satisfied with this result, because we know, that while that portion of the statute was in force, it did, throughout the State, receive practically the same construction which is now established.

<div align="right">Judgment affirmed.</div>